

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> V. § <br> § <br> TROY MAC HOHENBERGER § <br> § | Case No. 4:22-CR-280 <br> Judge Jordan |

## PLEA AGREEMENT

The defendant, **Troy Mac Hohenberger**, the defendant's attorney, **Brady Wyatt**, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count 4 of the indictment, which charges a violation of 18 U.S.C. § 666, Theft concerning programs receiving federal funds, and a plea of guilty to Count 9 of the indictment, which charges a violation of 18 U.S.C. § 664, Theft or embezzlement from employee benefit plan. The defendant understands the

nature and elements of the crimes to which guilt is admitted and agrees that the factual basis the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:**

The maximum penalties the Court can impose related to Count 4 of the indictment include:

    a. imprisonment for a period not to exceed ten years;

    b. a fine not to exceed $250,000 or not more than the greater of twice the gross pecuniary gain or twice the gross loss from the offense;

    c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

    e. forfeiture of property involved in or traceable to the criminal offense;

    f. mandatory restitution to victims or to the community; and

    g. costs of incarceration and supervision.

The maximum penalties the Court can impose related to Count 9 of the indictment include:

    h. imprisonment for a period not to exceed five years;

    i. a fine not to exceed $250,000 or not more than the greater of twice the gross pecuniary gain or twice the gross loss from the offense;

    j.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    k.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

    l.    forfeiture of property involved in or traceable to the criminal offense;

    m.    mandatory restitution to victims or to the community; and

    n.    costs of incarceration and supervision

4.    **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.   **GUIDELINE STIPULATIONS:**

Stipulations related to Count 4 of the Indictment:

The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

a. The base offense level pursuant to U.S.S.G. § 2B1.1(a)(1) is 6.

b. The following specific offense characteristics apply:

   (1) Actual loss exceeding $250,000: increase by 12 levels (U.S.S.G. § 2B1.1(b)(1)(G)).
   (2) The offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means: increase by two levels (U.S.S.G. § 2B1.1(b)(10)(C)).
   (3) The offense conduct involved ten or more victims: increase by two levels (U.S.S.G. § 2B1.1(b)(2)(A)(i)).
   (4) The defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense: increase by two levels (U.S.S.G. § 3B1.3).

Stipulations related to Count 9 of the Indictment:

The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

a. The base offense level pursuant to U.S.S.G. § 2B1.1(a)(1) is 6.

b. The following specific offense characteristics apply:

   (1) Intended loss exceeding $550,000: increase by 14 levels (U.S.S.G. § 2B1.1(b)(1)(H)).
   (2) The offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means: increase by two levels (U.S.S.G. § 2B1.1(b)(10)(C)).

  (3) The offense conduct resulted in substantial financial hardship to five or more victims, increase by 4 levels (U.S.S.G. § 2B1.1(b)(2)(B)).

  (4) The defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense: increase by two levels (U.S.S.G. § 3B1.3).

<u>Stipulations related to both Count 4 and Count 9:</u>

A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

The parties understand that the Court is not bound by the above stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

  6. **ACCEPTANCE OF RESPONSIBILITY:** The defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction he may be entitled to a reduction in his offense level under § 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Upon request, the

defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

7. **RESTITUTION**: The defendant understands that the Court is required to order the defendant to pay restitution. The defendant agrees that restitution in this case is not limited to the offenses of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 1651, 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

The parties further stipulate that the currently unreimbursed losses caused by the defendant's criminal violations are as follows:

    a. An amount no greater than $540,000 as the unreimbursed losses caused by Hohenberger's removal, transfer, payment, or theft of funds in the operating account of the Argyle Fire District, Inc., to be paid to a payee as designated by the Court.

    b. Additionally, a total of $19,122.29 as the amount of funds that **Hohenberger** withheld from firefighter pay and was required to transfer from the operating account of the Argyle Fire District, Inc. to the respective retirement accounts of various fire fighters at

Case 4:22-cr-00280-RWS-KPJ   Document 36   Filed 05/24/23   Page 6 of 14 PageID #: 107

Plea Agreement – U.S. v. Hohenberger - Page 6

Fidelity, but did not transfer. This amount will be paid to separate individual firefighter retirement accounts at Fidelity, as designated by the U.S. Attorney's Office and the Probation Office and ordered by the Court.

The Defendant agrees that the above paragraphs set out the accurate amounts of restitution as well as the correct payees.

The defendant agrees to cooperate fully in the identification of assets to be applied towards restitution. The defendant's cooperation obligations may include, but are not limited to: (A) making payments to the Clerk for the upcoming restitution judgment as early as possible; (B) entering into an asset preservation agreement and/or payment plan with the government to preserve assets for restitution and/or facilitate pre-judgment payment of restitution; (C) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the government, within ten days of the guilty plea hearing; (D) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (E) providing any documentation within his possession or control requested by the government regarding his financial condition; and (F) fully and truthfully answering all questions regarding his past and present financial condition in such interview. At sentencing, the defendant will receive credit for any amount already paid toward the losses that are subject of this restitution obligation. The defendant agrees that any restitution ordered by the Court will be due in full immediately.

The defendant agrees to pay full restitution to the victims on the count of conviction and all relevant conduct. The defendant understands that the amount of restitution owed will be determined at or before sentencing.

The parties understand that the Court is not bound by the above stipulations related to restitution.

8. **FORFEITURE**:

    a. The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property, which is subject to forfeiture pursuant to 18 U.S.C.§ 981(a)(1)(c) and 28 U.S.C. §2461(c):

        i. Any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such of committing the offense charged in Count 4 of the indictment, including, but not limited to, a money judgment in the amount of $24,179.17.

        ii. Any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such of committing the offense charged in Count 9 of the indictment, including, but not limited to, a money judgment in the amount of $3,869.27.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

The defendant agrees that the property described in subparagraph 8.a. is subject to forfeiture to the government pursuant to the aforementioned statute because the property constitutes proceeds traceable, directly or indirectly, to the illegal activity charged in Counts 4 and 9 of the indictment, respectively.

The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or

judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

9. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related

Plea Agreement – *U.S. v. Hohenberger* - Page 10

criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

10. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

11. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

13. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any

Plea Agreement – *U.S. v. Hohenberger* - Page 11

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

15. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

16. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It

supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

Dated: May 12, 2023

BY: THOMAS E. GIBSON
Assistant United States Attorney
Texas State Bar No. 07875450
Email: Tom.Gibson@usdoj.gov

BRENT L. ANDRUS
Assistant United States Attorney
New York State Bar No. 5143474
E-mail: Brent.Andrus@usdoj.gov

101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

ATTORNEYS FOR THE UNITED STATES

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 5-9-23

TROY MAC HOHENBERGER
DEFENDANT

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5/9/23

BRADY THOMAS WYATT, III
3300 Oak Lawn
Suite 600
Dallas, Texas 75219

ATTORNEY FOR DEFENDANT